Sue PERRY, Plaintiff-Appellant,

v.

Mrs. Mary (Betty) BRISCOE, Goldie Rosner, Mrs. Jackie Dugan, David Collins, Jean Perry, Birdie Garoutte, Christopher Morey, First National Bank and Trust Company of Joplin, Trustee, Defendants-Respondents.

No. 10214.

Missouri Court of Appeals, Springfield District.

June 27, 1978.

James B. Fleischaker, Roberts & Fleischaker, Joplin, for plaintiff-appellant.

Laurence H. Flanigan, Thad C. McCanse, Flanigan & McCanse, Helen E. Redding, Carthage, for defendants-respondents Mrs. Mary (Betty) Briscoe, Mrs. Jackie Dugan and Christopher Morey.

James F. DeNeen, Joplin, for defendant-respondent David Collins.

Before BILLINGS, C. J., and HOGAN and TITUS, JJ.

BILLINGS, Chief Judge.

Plaintiff Sue Perry was denied relief by the Circuit Court of Jasper County in her multiple-count suit to set aside amendments to an inter vivos trust created by her aunt and to contest the will of her aunt which had been admitted for probate. In this appeal plaintiff has abandoned all of her claims except her challenge to the validity of the final amendment to the trust agreement. We affirm.

As a basis for her suit, plaintiff alleged the last two of six amendments of the trust agreement were the result of a confidential relationship, undue influence, coercion, fraud and deceit by defendant Briscoe, plus averments that her aunt, Mrs. Rothschild, was of unsound mind and legally incompetent to execute the last two amendments. Similar charges were directed to Mrs. Rothschild's final Last Will and Testament.

The trial court made and entered extensive findings of fact and conclusions of law in entering judgment in favor of the defendants, and being a court tried case, we are to affirm the judgment " . . . unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law." *Murphy v. Carron,* 536 S.W.2d 30 (Mo. banc 1976).

We have read the trial transcript and the briefs of the parties. There is substantial evidence, much of which was elicited from plaintiff and her witnesses, to support the judgment of the trial court. The judgment is not against the weight of the evidence and no error of law appears. A rehash of the trial testimony would only demonstrate that the elderly aunt was an admittedly strong-willed individual who demonstrated a propensity to make changes in the trust agreement or revise her will when those who had earlier been favored fell into disfavor.

An opinion would have no precedential value.

The judgment is affirmed pursuant to Rule 84.16(b), V.A.M.R.

All concur.